UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MEDIA DVX PROPERTY SERVICES, INC.,

Plaintiff,

v.

TEKTRONIX, INC.,

Defendant.

CIVIL NO. 00-1504 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on February 21, 2001 upon Defendant's Motion for Partial Summary Judgment [Docket No. 33], Plaintiff's Motion for Summary Judgment [Docket No. 35] and Defendant's Motion for Partial Summary Judgment as to Counts II and III of the Amended Complaint [Docket No. 39]. John Wackman, Esq. appeared on behalf of Plaintiff; Steve Reitenour, Esq. appeared on behalf of Defendant. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant's Motion for Partial Summary Judgment [Docket No. 33] and Plaintiff's Motion for Summary Judgment [Docket No. 35] be denied, and Defendant's Motion for Partial Summary Judgment as to Counts II and III of the Amended Complaint [Docket No. 39] be granted.

**FINDINGS OF FACT/REPORT**

**Procedural History**

This case has a highly unusual procedural history, which has a bearing on the consideration of the Motions presently before the Court. The Complaint was filed on

MAR - 2 2001
CLERK
JUDGMENT ENTD
DEPUTY CLERK

June 22, 2000. On September 12, 2000, Defendant's Motion to Transfer or Dismiss was denied. [Docket No. 26]. On September 28, 2000, Defendant filed its Answer and Counterclaim [Docket No. 27]. The Counterclaim recited that Defendant "brings this counterclaim on behalf of its wholly owned subsidiary VideoTel.com, Inc. to whom the Sales Agreement has been assigned." Plaintiff filed its Reply on October 17, 2000, in which it stated, inter alia, that a counterclaim on behalf of VideoTel.com, Inc. may not be asserted because VideoTel.com was not a party, and because the Sales Agreement had not been properly assigned to it.[1] [Docket No. 28.] On October 20, 2000, Defendant served a Motion for Partial Summary Judgment "on whether Media DVX may recover incidental or consequential damages under the contract at issue." [Docket No. 33].

On November 2, 2000, this Court issued its Order based upon the Stipulation of the Parties. [Docket No. 30]. The Order, as proposed by the Parties and adopted by the Court, provided as follows: (1) Plaintiff was allowed to serve an Amended Complaint by November 15, 2000; (2) within 10 days after the Amended Complaint was served: (a) "Tektronix, Inc. shall serve a responsive pleading thereto" and (b) "VideoTele.com, Inc. shall serve its pleading in intervention;"[2] and (3) within 10 days after Tektronix and VideoTele.com served their respective pleadings, "Media DVX shall serve a reply, if any, to the counterclaims."

---

[1] Paragraph 20 of the Sales Agreement provides: "Neither party may assign or otherwise transfer its rights or obligations hereunder without the prior written consent of the other party."

[2] The Stipulation and Order [Docket No. 30] refer to the company as VideoTele.com, Inc.; the Answer and Counterclaim [Docket No. 27] refers to is as VideoTel.com, Inc..

Plaintiff served and filed an Amended Complaint on November 15, 2000. [Docket No. 32]. Just a few days prior to amending its Complaint, however, Plaintiff served a Motion to Dismiss the Counterclaim which had been served by Defendant in response to Plaintiff's initial Complaint. [Docket No. 35].

Defendant did not serve an Answer to the Amended Complaint. On November 30, 2000, Defendant served a Motion for Partial Summary Judgment directed at Counts II and III of the Amended Complaint. [Docket No. 39]. VideoTele.com, Inc. has not served any "pleading in intervention."

## I. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOCKET NO. 33] SHOULD BE DENIED

We recommend that Defendant's Motion for Partial Summary Judgment be denied for procedural reasons. First, the Motion is directed at a Complaint which has since been amended. Neither Plaintiff nor Defendant gave any thought to this procedural irregularity in the presentation of their written Memoranda. At oral argument, Defendant asked the Court to construe the Motion as if it were directed at the allegations in Count I of the Amended Complaint, renumbering the paragraphs in some way. We recommend against doing this. If the Court were to do so, we fear, it would further complicate the procedural posture of this case. In addition, there are other procedural reasons why the Motion should be denied in its present form.

The Motion seeks "an order granting partial summary judgment in Tektronix's favor on whether Media DVX may recover incidental or consequential damages under the contract at issue." The Motion seeks a partial summary judgment. That is, it seeks to dismiss some of the allegations in the Complaint, but not all of them. But the Motion as phrased does not give the Court an ability to issue an Order which would strike only that

part of the Complaint which Defendant claims should be dismissed, while preserving the rest. A review of the pleadings submitted in support of the Motion [Docket Nos. 34 and 38] does not resolve the ambiguity. Finally, even if the District Court were to declare that "Media DVX may not recover incidental or consequential damages under the contract at issue" as Defendant urges it to do, such an Order would not add meaning to those terms, nor resolve the question of whether the damages sought by Media DVX in fact constitute "incidental or consequential damages."

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOCKET NO. 35] SHOULD BE DENIED

As noted, after the Counterclaim was asserted in response to the initial Complaint, the Parties agreed, and this Court ordered that Plaintiff could amend its Complaint. Plaintiff did amend its Complaint, but a few days before doing so it filed its Motion to Dismiss the Counterclaim, rather than waiting to see if the Counterclaim was asserted in response to its Amended Complaint. In its letter-memorandum filed after the hearing, Plaintiff takes the position that Defendant's "operative pleading is its initial Answer, Affirmative Defenses and Counterclaims filed on or about September 26, 2000, to which Media DVX's Motion is directed." Without deciding that issue, we proceed to the consideration of Plaintiff's Motion to Dismiss the Counterclaim.

Plaintiff and Defendant were parties to a contract. The Counterclaim seeks to recover the purchase price which Defendant alleges that Plaintiff agreed to pay under the contract. The contract contained a Limitation of Liability clause. Plaintiff's Motion for Summary Judgment asks the District Court to construe that clause in such a way as to bar any suit for recovery of the purchase price.

Plaintiff's Motion offers no guidance as to the applicable principles of contract interpretation and resolution. Plaintiff's summary memorandum in support of its Motion does not cite to any authority which would grant to this Court the power to decide as a matter of law that the highlighted words in this contract provision bar a party to the contract from recovering the purchase price. We consider the Court governed by the following: "To interpret the terms of a contract under Minnesota law, a court must initially determine whether a contract term is ambiguous. A contract term is ambiguous if it is reasonably susceptible to more than one interpretation. The meaning of an unambiguous contract is a matter of law for the court, however, the meaning of an ambiguous contract term is a fact question for the jury." Porous Media Corp. v. Midland Brake, Inc., 220 F.3d 954, 959 (8th Cir. 2000)(citations omitted.)

The contract clause at issue reads as follows:

> "16. LIABILITY
>
> A. Limitation of Liability. IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR EXEMPLARY, INCIDENTAL, INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES OF ANY KIND, INCLUDING WITHOUT LIMITATION **LOSS OF PROFIT**, LOSS OF USE, SAVINGS OR **REVENUE**, OR THE CLAIMS OF THIRD PARTIES, WHETHER OR NOT SUCH PARTY HAS BEEN ADVISED ON THE POSSIBILITY OF SUCH LOSS, HOWEVER CAUSED AND ON ANY THEORY OF LIABILITY, ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE RELATIONSHIP OF TEKTRONIX AND CUSTOMER."

The language highlighted in this quotation was highlighted by Plaintiff in its Memorandum. The highlighting of the words "loss of profit" and "revenue" is virtually the only argument advanced by Plaintiff in support of its Motion. Plaintiff asks the Court to construe those words to mean the same thing as "contract price." It does not state the basis upon which it claims that the Court should conclude that the contract terms are

unambiguous, and it does not offer argument in support of its claim that the interpretation it seeks to place upon the contract is the only reasonable interpretation to which those terms are susceptible.

In effect, Plaintiff is asking this Court to construe the limitation of liability clause to provide: "In no event shall the customer be liable for the purchase price." To put it as politely as possible, such a construction is counter-intuitive. In any event, we cannot conclude that such a construction is required as a matter of law. We thus need not reach the question of whether Plaintiff has created a genuine issue of fact for trial by jury as to whether the terms of the contract are susceptible to the construction which it asks the Court to adopt.

**III. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS II AND III OF THE AMENDED COMPLAINT [DOCKET NO. 39] SHOULD BE GRANTED CONDITIONALLY**

Defendant seeks dismissal of Counts II and III of the Amended Complaint on several grounds. We conclude that the Motion should be granted insofar as it contends that Plaintiff has failed to plead the elements of misrepresentation or fraud with sufficient particularity, in violation of Rule 9(b) of the Federal Rules of Civil Procedure. We also conclude that Plaintiff should be afforded an opportunity to serve and file a Second Amended Complaint which complies with the requirements of that Rule.

In Parnes v. Gateway 2000, Inc., 122 F.3d 539 (8th Cir. 1997), the Court again stated the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Although that case was considering a complaint brought under the Securities law, Plaintiff acknowledges its general applicability to the Complaint in this case. The Parnes Court quoted from other cases which have held that Rule 9(b) requires that a party set forth in its allegations in the Complaint the facts concerning "the time, place and contents of false

representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. . . . The circumstances [constituting fraud] mut be pleaded in detail. This means the who, what, when where, and how: the first paragraph of any newspaper story." Parnes, 122 F.3d at 549-550. See also Iverson v. Johnson Gas Appliance Co., 172 F.3d 524, 529 (8th Cir. 1999).

In its present form, the Amended Complaint does not comply with the requirements of Rule 9(b). It alleges nothing more than the abstract bare bones elements of a cause of action for misrepresentation. It alleges that certain unspecified false representations were made, and relied upon, to Plaintiff's damage. It alleges the general subject matter of the representations, but it does not allege what was said, when it was said, by whom it was said nor the other details required.

Plaintiff requests that it be permitted to further amend its Amended Complaint to permit it to plead fraud with the required specificity, relying on Iverson, 172 F.3d at 529. Plaintiff has submitted an Affidavit to substantiate its claim that it will be able to state fraud with greater specificity. Although we make no pre-judgment as to whether a Second Amended Complaint would survive a dispositive motion, we conclude that Plaintiff should be afforded the opportunity to attempt to do so. Dismissal with prejudice should be used sparingly because it is a drastic sanction. Omaha Indian Tribe v. Tract I--Blackbird Bend Area, 933 F.2d 1462, 1468 (8th Cir.), cert. denied, 502 U.S. 942 (1991). "An action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff her day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures.'" Omaha Indian Tribe, 933 F.2d at 1468 (quoting Garrison v. International Paper Co., 714 F.2d 757, 760 (8th Cir. 1983)).

The Motion now before the Court seeks dismissal of Count III of the Amended Complaint on the additional ground that Oregon law does not permit a claim of negligent misrepresentation. Plaintiff responds that Minnesota law does allow such allegations, but acknowledges that if Oregon law applies, Count III must be dismissed. Finally, Defendant seeks entry of a summary judgment in its favor as to the allegations in Counts II and III of the Amended Complaint.

As a matter of judicial economy, we recommend that the District Court confine its ruling on this Motion to the issues raised by the deficiency in the pleading under Rule 9(b). Requiring clarity in pleadings also serves to enhance the self-policing features embodied in Rule 11, since it then may more easily be seen whether the requirements of the Rules have been met. In re Buffets, Inc. Securities Litigation, 906 F. Supp. 1293 at 1298 (D. Minn. 1995). In addition, if Plaintiff serves a Second Amended Complaint, the clarity of the allegations will facilitate an evaluation of the issues raised by the other grounds in a way which is less clouded than in the present stage of this case.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that:

1. Defendant's Motion for Partial Summary Judgment [Docket No. 33] be denied;

2. Plaintiff's Motion for Summary Judgment [Docket No. 35] be denied;

3. Defendant's Motion for Partial Summary Judgment as to Counts II and III of the Amended Complaint be granted, unless within ten days of the Order of the District Court Plaintiff serves and files a Second Amended Complaint which complies in all

respects with the Federal Rules of Civil Procedure.

Dated: March 2, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before March 19, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before March 19, 2001.